No. 637

ELBERFELD v. CASE et

No. 19869. Supreme Court

On motion to certify. Dock. June 7, 1926.

851. NOTICE—Is a notation by a county recorder on the margin of a record of a lease concerning an assignment of said lease which contains a statement of the important provisions of the assignment constructive notice of such assignment to subsequent purchasers?

This action was brought originally in the Franklin Common Pleas by Alfred G. Elberfeld against John G. Case, G. A. Lyons, A. B. Couse and the Union Building & Loan Company for the foreclosure of a lien.

It appears that Elberfeld took a ten year lease on said premises in August 1919, which lease contained an option of purchase any time during the last 5 years of the lease. This lease was recorded in due form and subsequently during December 1920 the lease was assigned to one G. A. Lyons which assignment was filed with the recorder, the recorder noting the important parts of the assignment on the margin of the record of the lease. Lyons accepted the assignment and paid the rental provided for until April 1923, which assignment was not recorded at this date the lease was assigned to one A. B. Couse, who purchased the property in fee of the original lessor in June 1923. Couse then issued a mortgage to the Union Building & Loan Company and in October 1923, conveyed said premises to John G. Case.

The Common Pleas rendered a decree for the defendants on the decree that Elberfeld's remedy was against each successive owner of the lease-hold for the time said lessees were in possession of the property.

The Appeals affirmed this judgment on the ground that the Building & Loan and Case were not bound to take notice of the recitals contained in the assignments of the lease because no lessee was in possession and the lease was inoperative because it was merged in the larger title acquired by the owner in fee.

Elberfeld in the Supreme Court contends:

1. That he is entitled to a vendors lien against the lease-hold for the unpaid balance on the installments from April 1923.

2. That the defendants in error are not innocent purchasers.

3. That the notation of the assignment on the lease record is constructive notice.

Attorneys—L. C. Barker, Columbus, for Pltf.; K. S. Campbell and E. W. Dillon, Columbus, for Defts.